MARK D. BRUTZKUS - Bar No. 128102
JEFFREY A. KOBULNICK - Bar No. 228299
EZRA BRUTZKUS GUBNER LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email:      mbrutzkus@ebg-law.com
            jkobulnick@ebg-law.com

Attorneys for Defendant, **BLUPRINT CLOTHING CORP.**, erroneously sued as BLUE PRINT CLOTHING CORP.

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ITC TEXTILE, LTD.<br><br>        Plaintiff,<br><br>   v.<br><br>J.C. PENNEY COMPANY, INC.; BLUE PRINT CLOTHING CORP.; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No. CV12-02975 SVW (FFM)<br><br>**DEFENDANT BLUPRINT CLOTHING CORP.'S ANSWER TO COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant BLUPRINT CLOTHING CORP. (hereafter referred to as "BLUPRINT" or "Defendant") hereby answers Plaintiff ITC TEXTILE, LTD's (hereafter referred to as "ITC" or "Plaintiff") Complaint (hereafter referred to as the "Complaint") on file herein, admitting, denying and alleging as follows:

### JURISDICTION AND VENUE

1. In answer to Paragraph 1 of the Complaint, Defendant admits that Plaintiff's claims are based on alleged violations of the Copyright Act and breach of contract.

2. In answer to Paragraph 2 of the Complaint, Defendant admits that this Court has federal question jurisdiction over copyright infringement claims.

///

590115_2/3009.014

3. In answer to Paragraph 3 of the Complaint, Defendant lacks sufficient information or belief to admit or deny the allegations in this paragraph and based thereon denies, generally and specifically, the allegations contained therein.

4. In answer to Paragraph 4 of the Complaint, Defendant lacks sufficient information or belief to admit or deny the allegations in this paragraph and based thereon denies, generally and specifically, the allegations contained therein.

## PARTIES

### The Plaintiff

5. In answer to Paragraph 5 of the Complaint, Defendant lacks sufficient information or belief to admit or deny the allegations in this paragraph and basing its response on such lack of information and belief, Defendant denies, generally and specifically, the allegations contained therein.

### The Defendants

6. In answer to Paragraph 6 of the Complaint, Defendant lacks sufficient information or belief to admit or deny the allegations in this paragraph and basing its response on such lack of information and belief, Defendant denies, generally and specifically, the allegations contained therein.

7. In answer to Paragraph 7 of the Complaint, Defendant acknowledges that it is a corporation organized and existing under the law of the State of California with its principal place of business at 5500 Bandini Boulevard, Bell, CA 90201. Defendant further acknowledges that it is in the business of manufacturing, assembling and/or distributing garments.

8. In answer to Paragraph 8 of the Complaint, Defendant lacks sufficient information or belief to admit or deny the allegations in this paragraph and basing its response on such lack of information and belief, Defendant denies, generally and specifically, the allegations contained therein.

9. In answer to Paragraph 9 of the Complaint, Defendant denies each and every allegation set forth therein.

# FIRST CLAIM FOR RELIEF
# COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 101 ET SEQ.
(Against All Defendants and Each of Them)

10. Defendant incorporates its prior responses to Paragraphs 1 through 9 herein.

11. In answer to Paragraph 11 of the Complaint, Defendant lacks sufficient information or belief to admit or deny the allegations in this paragraph and basing its response on such lack of information and belief, Defendant denies, generally and specifically, the allegations contained therein.

12. In answer to Paragraph 12 of the Complaint, Defendant acknowledges that a photocopy purportedly depicting an image of a design referred to in the Complaint as the 3146-1 Corine design and a photocopy purportedly depicting copyright registration No. VA 1-710-686 were attached to the Complaint as Exhibit 1.

13. In answer to Paragraph 13 of the Complaint, Defendant acknowledges that a photocopy purportedly depicting an image of a design referred to in the Complaint as the 3121-1 Deep Florals design and a photocopy purportedly depicting copyright registration No. VA 1-710-654 were attached to the Complaint as Exhibit 2.

14. In answer to Paragraph 14 of the Complaint, Defendant denies each and every allegation set forth therein.

15. In answer to Paragraph 15 of the Complaint, Defendant denies engaging in any acts of infringement. Defendant further denies the remaining allegations set forth therein.

16. In answer to Paragraph 16 of the Complaint, Defendant denies engaging in any acts of infringement. Defendant further denies the remaining allegations set forth therein.

///
///
///

17. In answer to Paragraph 17 of the Complaint, Defendant acknowledges that photocopies purportedly depicting an image of a garment were attached to the Complaint as Exhibit 3 and 4. Defendant denies the remaining allegations set forth therein.

18. In answer to Paragraph 18 of the Complaint, Defendant acknowledges that photocopies purportedly depicting an image of a garment, were attached to the Complaint as Exhibit 3 and 4. Defendant lacks sufficient information or belief to admit or deny the remaining allegations in this paragraph and basing its response on such lack of information and belief, Defendant denies, generally and specifically, the allegations contained therein.

19. In answer to Paragraph 19 of the Complaint, Defendant denies each and every allegation set forth therein.

20. In answer to Paragraph 20 of the Complaint, Defendant denies each and every allegation set forth therein.

21. In answer to Paragraph 21 of the Complaint, Defendant denies engaging in any acts of infringement. Defendant further denies the remaining allegations set forth therein.

22. In answer to Paragraph 22 of the Complaint, Defendant denies engaging in any acts of infringement. Defendant further denies the remaining allegations set forth therein.

23. In answer to Paragraph 23 of the Complaint, Defendant denies engaging in any acts of infringement. Defendant further denies the remaining allegations set forth therein.

24. In answer to Paragraph 24 of the Complaint, Defendant denies engaging in any acts of infringement. Defendant further denies the remaining allegations set forth therein.

/ / /

/ / /

## SECOND CLAIM FOR RELIEF
## BREACH OF CONTRACT
### (Against All Defendants and Each of Them)

25.   Defendant incorporates its prior responses to Paragraphs 1 through 24 herein.

26.   In answer to Paragraph 26 of the Complaint, Defendant denies each and every allegation set forth therein.

27.   In answer to Paragraph 27 of the Complaint, Defendant denies each and every allegation set forth therein.

28.   In answer to Paragraph 28 of the Complaint, Defendant denies each and every allegation set forth therein.

29.   In answer to Paragraph 29 of the Complaint, Defendant lacks sufficient information or belief to admit or deny the allegations in this paragraph and basing its response on such lack of information and belief, Defendant denies, generally and specifically, the allegations contained therein.

30.   In answer to Paragraph 30 of the Complaint, Defendant denies each and every allegation set forth therein.

31.   In answer to Paragraph 31 of the Complaint, Defendant denies each and every allegation set forth therein.

32.   In answer to Paragraph 32 of the Complaint, Defendant lacks sufficient information or belief to admit or deny the allegations in this paragraph and basing its response on such lack of information and belief, Defendant denies, generally and specifically, the allegations contained therein.

/ / /
/ / /
/ / /
/ / /
/ / /

# AFFIRMATIVE DEFENSES

## First Affirmative Defense

33. The Complaint fails to state facts sufficient to constitute any claim for relief against this Defendant.

## Second Affirmative Defense

34. Plaintiff's copyright and/or copyright registration is invalid.

## Third Affirmative Defense

35. The alleged infringing work is not substantially similar to the 3146-1 Corine and 3121-1 Deep Florals designs referred to as the Subject Designs (as that term is defined in the Complaint).

## Fourth Affirmative Defense

36. To the extent Plaintiff may have any copyright in the Subject Designs, Plaintiff's copyrighted material is entitled only to thin copyright protection, and Plaintiff cannot establish infringement under the principles governing thin copyright.

## Fifth Affirmative Defense

37. If Defendant infringed any copyright interest allegedly held by Plaintiff, Defendant did so with innocent intent.

## Sixth Affirmative Defense

38. Plaintiff lacks standing to bring the Complaint because, among other things, Plaintiff is not the owner and/or author of the Subject Designs.

## Seventh Affirmative Defense

39. Plaintiff's Subject Designs are not protected by copyright because they are not an original work of authorship.

## Eighth Affirmative Defense

40. Plaintiff is barred from obtaining any relief due to its fraud, including but not limited to, committing a fraud upon the Copyright Office.

///

///

### Ninth Affirmative Defense

41. Plaintiff is barred from recovery because Plaintiff has committed misuse of copyright.

### Tenth Affirmative Defense

42. Plaintiff's conduct with regards to the matters alleged in the Complaint was such that Plaintiff is barred by the equitable doctrine of unclean hands from obtaining the relief requested against the Defendant.

### Eleventh Affirmative Defense

43. Some or all of the damages alleged by Plaintiff, if any, are to be offset by the damage sustained by Defendant as a result of Plaintiff's conduct.

### Twelfth Affirmative Defense

44. Plaintiff is not entitled to statutory damages or attorney's fees pursuant to 17 U.S.C. § 412.

### Thirteenth Affirmative Defense

45. Defendant denies that it is responsible or liable in any way for the damages or loss alleged in the Complaint. However, if Defendant is found to be liable or responsible for any or all of the alleged damages or loss, Defendant alleges that it, if any, is not the sole proximate cause of the damage or loss, that the damage awarded to Plaintiff, if any, should be apportioned according to California state law by each parties' respective fault and legal responsibility of all parties, persons and entities, and their agents, servants, and employees who contributed to and/or cause such damages or loss according to the proof presented at the time of trial.

### Fourteenth Affirmative Defense

46. At all times, Defendant acted in a commercially reasonable and lawful manner. Each and every act or statement done or made by Defendant was a good faith assertion of the Defendant's rights and, therefore, was privileged and justified.

///

///

### Fifteenth Affirmative Defense

47. Plaintiff failed to protect and/or enforce its alleged rights, and/or engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of duty, negligent act, omission, or any other conduct, if any, as set forth in the Complaint.

### Sixteenth Affirmative Defense

48. Plaintiff waited an unreasonable period of time before asserting its claims, if any, against Defendant, and it is barred from asserting such claims under the doctrine of laches.

### Seventeenth Affirmative Defense

49. Plaintiff, though under an affirmative duty to do so, failed and neglected to mitigate its alleged damages, if any, and cannot recover against Defendant, whether as alleged of otherwise.

### Eighteenth Affirmative Defense

50. The damages suffered by Plaintiff, if any, were the direct and proximate result of the acts, omission, or negligence of persons or entities other than the Defendant.

### Nineteenth Affirmative Defense

51. Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional defenses, including but not limited to, res judicata and collateral estoppel, in the event that the discovery indicates that they would be appropriate.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by the Complaint and that judgment be rendered in favor of Defendant.

///

2. For costs of suit, including reasonable attorneys' fees if permitted by agreement or statue; and

3. For such other and further relief as the court deems just proper.

Dated: May 24, 2012                          EZRA BRUTZKUS GUBNER LLP

By: _____
Mark D. Brutzkus
Jeffrey A. Kobulnick
Attorneys for Defendant,
**BLUPRINT CLOTHING CORP., erroneously sued as BLUE PRINT CLOTHING CORP.**

## DEMAND FOR JURY TRIAL

Defendant BLUPRINT CLOTHING CORP., erroneously sued as Blue Print Clothing Corp., hereby requests a jury trial for all issues triable by jury including, but not limited to, those issues and claims set forth in the Complaint and any subsequent Complaint or consolidated action.

Dated: May 24, 2012

EZRA BRUTZKUS GUBNER LLP

By: _____
Mark D. Brutzkus
Jeffrey A. Kobulnick
Attorneys for Defendant,
**BLUPRINT CLOTHING CORP., erroneously sued as BLUE PRINT CLOTHING CORP.**